IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LUIS RAY JARAMILLO, JR., | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:22-cv-405-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Luis Jaramillo, Jr., a Texas Department of Criminal Justice inmate proceeding pro se, brings this petition for the writ of habeas corpus complaining of circumstances related to the denial of his parole. He also raises claims concerning the conditions of his confinement. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On November 4, 2022, Judge Love issued a Report and Recommendation recommending that the Court dismiss this petition with prejudice. Docket No. 5. The Report explained that the punishments Petitioner complains about—namely, cell and commissary restrictions and the loss of good-time credits—and the denial of his parole do not implicate any protected liberty interest. *Id.* at 7–8. The Report also recommends that Petitioner's non-habeas, civil rights claims be severed into a new lawsuit subject to the Prison Litigation Reform Act. Finally, the Report recommends

1

that the Court deny a certificate of appealability. Petitioner filed objections to the Report on November 28, 2022. Docket No. 8.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner first objects that the Magistrate Judge did not properly address his claim under 42 U.S.C. § 1985, concerning civil rights conspiracy claims. However, this statute specifically contemplates the "recovery of damages;" thus, habeas corpus is not the proper vehicle through which to invoke it. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (holding that "in the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"). Petitioner may reassert this claim in a civil rights suit.

Next, Petitioner argues that he had a protected liberty interest in his status as a "pre-parolee." The Court disagrees. As the Magistrate Judge correctly stated, parole approval in Texas is not effective or final until a formal parole agreement is executed by the offender, and the approval may be withdrawn by a parole panel at any time prior to the acceptance and execution by the offender of the formal parole agreements contained in the parole certificate. Tex. Admin. Code § 145.20(b). This

is consistent with the holdings of other Texas courts. *Patterson v. Cockrell*, 2002 WL 32509028 (N.D. Tex. 2002) (Texas' pre-parole program is not "a kind of parole" giving a prisoner a liberty interest in remaining in that program or entitling him to any due process protections with regard to removal from the program); *see also Bobbitt v. Quarterman*, 2007 WL 2471068 (N.D. Tex. 2007); *Carter v. Director, TDCJ-CID*, 2017 WL 3124181 (E.D. Tex. 2017); *Gonzalez v. Quarterman*, 2008 WL 3413136 (N.D. Tex. 2008) (no liberty interest in "pre-parole" status).

Petitioner then argues that he has a liberty interest at stake because he invoked the Administrative Procedure Act. The Fifth Circuit has held that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures. *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). This is underscored by the fact that a finding in Petitioner's favor that TDCJ violated the Administrative Procedure Act would not itself entitle him to accelerated release from prison. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (distinguishing between claims that merely enhance eligibility for accelerated release, which sound in civil rights, and those that create entitlement to such relief, which sound in habeas). This claim falls into the category of claims for which the Magistrate Judge recommended severance. Petitioner may reassert this claim in a civil rights suit.

Petitioner next asserts that prison officials tampered with his mail and prevented him from appealing the withdrawal of the parole vote. This claim sounds in civil rights rather than habeas corpus, and Petitioner may reassert this claim in a

civil rights suit. *See Emmett v. Thaler*, 379 F. App'x 321 (5th Cir. 2010); *Birl v. Thaler*, 470 F. App'x 362 (5th Cir. 2012).

Petitioner contends that prison officials retaliated against him for his filing of a previous lawsuit through sexual harassment, false disciplinary cases, and interfering with his anticipated release on parole. As the Magistrate Judge stated, this claim sounds in civil rights, and Petitioner may reassert this claim in a civil rights suit.

Finally, Petitioner states that he is invoking the supplemental jurisdiction of the Court to give the Court jurisdiction over his state law claims. *See* 28 U.S.C. § 1367. But supplemental jurisdiction does not apply in habeas corpus actions because state law violations are not cognizable in federal habeas corpus proceedings. *Barcella v. Carlin*, 2016 WL 1092460 (D. Id. 2016); *see also Assa'ad-Faltas v. South Carolina*, 2013 WL756338 (D.S.C. 2013); *Estelle v. McGuire*, 502 U.S. 52, 67 (1991). Further, under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction where, as here, the court has dismissed all claims over which it has original jurisdiction.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. This habeas corpus petition is **DISMISSED** with prejudice. The Court **DENIES** a certificate of appealability.

The Court further **ORDERS** that Petitioner's claims that sound in civil rights rather than habeas corpus, including his claims that he was harassed and retaliated against for filing a previous lawsuit, that he was sexually harassed by Sergeant Villegas and Officer Robinson, that Captain Turner refused to investigate or take action concerning this sexual harassment, that his mail was tampered with, that his right to equal protection was violated, and that his rights under the Administrative Procedures Act were violated are **SEVERED** into a new § 1983 civil rights lawsuit. The Clerk shall assign a new civil action number to this lawsuit and the original petition in the present case shall serve as the complaint. A copy of this order shall be docketed in the new lawsuit as an Order of Severance.

Petitioner Luis Jaramillo shall have thirty days from the date of entry of this order to file an amended complaint concerning the civil rights claims severed out of his habeas petition that he wishes to pursue. This amended complaint shall be filed using the standard § 1983 lawsuit form which is available in the law library. Because Petitioner is subject to the three-strikes bar of 28 U.S.C. § 1915(g), he must either pay the full filing fee of $402.00 or make a plausible showing of imminent danger of serious physical injury related to the allegations of the complaint. Should he fail to comply, this new lawsuit may be dismissed for failure to prosecute or to obey an order of the Court.

So **ORDERED** and **SIGNED** this **27th** day of **January, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE